1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARI DANIEL, individually and as the
Personal Representative of the Estate of
MELVIN DANIEL; and, as Guardian for the
minor children, M.A. Daniel, DOB 6/13/90,
and B.A. Daniel, DOB 6/28/93; and, MARI
DANIEL, as the Personal Representative of
the Estate of FRED RAMISKEY,

               Plaintiffs,

        v.

THE COLEMAN COMPANY, INC., a
Delaware corporation,,

               Defendant.

No. 06-5706 KLS

ORDER DENYING MOTION FOR
ORDER TO PRESERVE EVIDENCE

     This matter comes before the court on the Defendant's Motion to Preserve Evidence. (Dkt. #17 -

19).  The Plaintiffs filed their reply (Dkt. # 27 and 28) and the Defendant filed its response (Dkt. #23 - 26).

**PRELIMINARY MATTERS:**

     Unfortunately, there are some preliminary matters that require this Court's attention.

     First, the Plaintiffs' reply is titled:  Plaintiff's Response to Coleman's Motion to Force Her to Keep

the Trailer Where Her Husband and Father Were Killed.  This is clearly improper.  The appropriate title is:

Plaintiffs' Response to Defendant's Motion to Preserve Evidence.  All pleading titles, from this point on,

1  shall briefly identify the pleadings with no additional and unnecessary commentary.

2        Second, reference to a specific number of incidents involving Coleman products has absolutely no
3  relevance to the particular motion before the Court.  The undersigned does not need that information in
4  order to make a determination as to whether this particular camper, which did not apparently have any
5  Coleman products installed in it, should remain in the Plaintiffs' possession.  Counsel shall, in the future,
6  focus on the issue that is before the Court and avoid any extraneous and irrelevant commentary.

7        Finally, all pleadings in this matter shall be timely filed.  The Court is aware that the Plaintiffs'
8  response was filed two days late.  The Court assumes that Plaintiffs' counsel are aware of the rules and
9  therefore  know they filed their response late.  This late filing was done without explanation nor request of
10 the court to accept a late filing.  In light of the fact that the Defendant was clearly able to adequately
11 respond, however, the Court will consider the Plaintiffs' late filings.

12       Trial in this matter is scheduled for March 31, 2008.  The undersigned expects all counsel to
13 comply with the comments made above as well as the applicable Federal Rules of Civil Procedure and the
14 local rules.

15 **MOTION TO PRESERVE EVIDENCE:**

16       The Defendant's Motion to Preserve Evidence was precipitated by a letter from Plaintiffs' counsel
17 advising that Mari Daniel intended to sell the camper.  The Defendant objected by letter and counsel were
18 not able to reach a mutually agreeable resolution.  The present motion was then filed with the court.

19       The Defendant's motion appears to based on the following: (1) the camper and its component parts
20 are relevant evidence and therefore the plaintiffs must fulfil their duty to preserve the camper; (2) discovery
21 has just started and the defendant is "not in a position to determine the scope and timing of further
22 discovery related to the camper.." in light of what appears to be an alternation of two parts of the camper;
23 and (3) the camper itself is a significant piece of evidence that will provide a "frame of reference for the
24 jury regarding its size, layout, contents, and the area in which the subject heater was utilized."

25       The Plaintiffs respond to the motion with the following assertions: (1) the camper and its
26 component parts were not a source of the carbon monoxide and nothing about the camper contributed to
27 the deaths of the two individuals; (2) the camper is not a crucial trial exhibit as contended by the defendant;
28 and (3) the financial and emotional burden on the plaintiff to maintain the camper outweighs the needs of

1   the Defendant.

2   There is no dispute between the parties that relevant evidence must be preserved.  Rather, the issue

3   is whether, under the circumstances present in this case, the Plaintiff should be required to maintain the

4   camper until this matter is fully and finally resolved.

5   In support of its response, the plaintiffs cite the case of *Capricorn Power Company, Inc. v. Siemens*

6   *Westinghouse Power Corporation*, 220 F.R.D. 429 (2004) which establishes a balancing test of three

7   factors to be considered in a motion for preservation of evidence.

8

9   > While remaining consistent with the Federal Rules of Civil Procedure, but still
>   addressing the need to perform the judicial duty to oversee and decide discovery
>   disputes, this Court believes that a balancing test which considers the following
10  > three factors should be used when deciding a motion to preserve documents,
>   things and land: 1) the level of concern the court has for the continuing existence
11  > and maintenance of the integrity of the evidence in question in the absence of an
>   order directing preservation of the evidence; 2) any irreparable harm likely to
12  > result to the party seeking the preservation of evidence absent an order
>   directing preservation; and 3) the capability of an individual, entity, or
13  > party to maintain the evidence sought to be preserved, not only as to the
>   evidence's original form, condition or contents, but also the physical, spatial
14  > and financial burdens created by ordering evidence preservation.

15  *Id.* at p. 433-434.

16  The undersigned believes that this balancing test should be utilized for purposes of the present motion.

17  **1.  Level of Concern for the Continuing Existence and Integrity of the Evidence.**

18  The Plaintiffs have given notice of their intent to sell the camper.  This notice requires consideration

19  of the first balancing factor.  The focus of this factor has to do with maintaining the integrity of the

20  evidence in a form as close to, if not identical to, the original condition of the evidence.  *Id.* at p. 435.   A

21  second aspect of this factor is whether the parties are able to take action "to obtain or reproduce from the

22  evidence the information needed."  *Id.* at p. 435.

23  A significant issue in this case is the source of the carbon monoxide that caused two deaths.  While

24  the plaintiffs are of the opinion that testing of the trailer and its component parts prove they were not a

25  source of carbon monoxide, that determination has not yet been made by the trier of fact.

26  On the other hand, the defendants have not provided this court with any reason as to why they

27  cannot conduct testing on the camper or its pertinent component parts at this time.  While it appears the

28  handle and air vent of the camper have been distorted since the incident, the Defendant has not shown that

Order Denying Motion to Preserve Evidence
Page - 3

this change prevents them in any way from conducting relevant testing of the camper and its component parts.  This Court understands the Defendant is upset as well as suspicious regarding the fact that testing occurred in the absence of the Defendant.   However, that is not sufficient reason to delay testing as to other parts of the camper.  Perhaps once it conducts its tests the Defendant  may find that relevant component parts have been damaged or destroyed or it may find that they have not been changed or modified.  Merely raising an issue with regard to a handle and an air vent does not translate into the inability to determine the scope and timing of additional discovery, particularly as it relates to any testing or investigation defense counsel believes in necessary in order to adequately represent their client.

While it is true that there is pending discovery, this Court notes that the parties have the benefit of a very detailed police investigation, a copy of which was provided this Court by the Defendant.  This investigation further documents the appliances present that may have provided a source of carbon monoxide and it documents testing done by the investigating agency.  This information comes from a neutral and disinterested source.  While the parties are entitled to conduct discovery, many of the facts and circumstances surrounding this incident are well known to everyone.

The undersigned concludes that there is sufficient time and opportunity available to the Defendant to complete its necessary investigation regarding the camper within the time allotted in this order as set forth more fully below.  This would enable to Defendant to "obtain or reproduce from the evidence the information needed." *Id.* at p. 435.

While it might be of interest to the jury to see the actual camper, that is not a sufficient compelling reason to require the plaintiff to maintain the camper until the time of trial and perhaps beyond.  There are clearly other means available to the defendant in which the "size, layout, contents, and the area in which the subject heater was utilized" may be presented to the jury, to include video, photographs and diagrams.  The sale of the camper would not prevent presentation of this information to the jury.

### 2. Possibility of Irreparable Harm to the Party Seeking Preservation in the Absence of a Preservation Order.

As the court noted in *Capricorn Power Company,* "the degree of harm likely to result to the party seeking the preservation order must also be weighed." *Id.* at p. 435.  As stated above, the defendant can

1  do whatever testing of the camper and its component parts it deems necessary and this can be

2  accomplished prior to the sale of the camper.   There has been no showing of irreparable harm.

3  **3. Ability to Maintain and Preserve the Evidence**.

4  This factor weighs heavily in favor of the plaintiffs.  Mari Daniels' declaration makes it clear that

5  maintaining the camper for the duration of this litigation would cause and is causing a financial hardship to

6  her and her two minor children.  She is now the sole source of support for her family as a paraprofessional

7  educator.  She works for nine months of the year in that capacity and earns $13.26 per hour.  Presently it

8  costs her $344.00 per month to maintain the camper.  That means her first 25.9 hours of work per month

9  goes to maintaining the camper.  This is clearly a burden on her.  Further, Ms. Daniel cannot be faulted for

10  storing the camper at a location other than her home.

11  The Court is aware of the fact that the Plaintiffs have offered to sell the camper to the Defendant

12  for book value.  The Defendant believes that it should not have to pay for evidence in the case.  The court

13  is not placing any such requirement on the Defendant.  Rather, the Defendant is being provided an

14  opportunity to conduct its investigation of the camper and any necessary testing prior to the sale of the

15  camper.  This is sufficient to allow the Defendant the opportunity to obtain and reproduce any evidence it

16  believes relevant to the defense of its case.

17  **CONCLUSION:**

18  Considering all of the factors discussed above, this Court concludes that the Defendant's motion

19  should be denied.   The Defendant has failed to show that it cannot conduct adequate testing of the camper

20  and its component parts without first knowing what happened to the air vent handle and the air vent.

21  Further, having the camper itself available at the time of trial does not mean that there will, in fact, be a

22  jury view.  And, as noted above, there are other means by which information as it relates to the

23  configuration of the camper may be presented to the jury.   It is also quite obvious that requiring the

24  plaintiff to incur a monthly expense of $344 to maintain the camper causes her an undue burden.  The fact

25  that she filed this litigation is not sufficient, in and of itself, to require her to incur this expense.  Finally, if

26  in fact the camper is of such great significance to the defendant, they have the option of purchasing it from

27  the plaintiff.

28  The defendant's motion is denied.  However, the defendants shall have two months from the date

1  of this order to conduct any and all testing on the camper and its component parts.  At the conclusion of

2  the two months the plaintiff is free to sell the camper.

3         DATED this 17th day of May, 2007.

4

5                                                    Karen L. Strombom
                                                     United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Motion to Preserve Evidence
Page - 6