# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| MARI DANIEL, individually and as the Personal Representative of the Estate of MELVIN DANIEL, and as Guardian for the minor children, M.A. Daniel, DOB 6/13/90, & B.A. Daniel, DOB 6/28/93, and MARI DANIEL, as the Personal Representative of the Estate of FRED RAMISKEY,<br><br>        Plaintiff,<br><br>v.<br><br>THE COLEMAN COMPANY, INC., a Delaware Corporation,<br>        Defendant. | NO. 3:06-cv-05706-KLS<br><br>**AGREED PROTECTIVE ORDER**<br><br>**Note on Motion Calendar:**<br>**June 12, 2007** |

Upon the stipulation and agreement of the Parties and their respective counsel, and it appearing to the Court that:

1.   This product liability/wrongful death action arises from a September 15, 2006, carbon monoxide incident allegedly involving a Coleman Powermate Model 5045 propane radiant heater.

2.   The Parties are engaged in discovery in this case that may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

AGREED PROTECTIVE ORDER

(Page 1)

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888

3. In the course of that discovery, certain trade secret, proprietary, and/or confidential documents, materials, and/or information may be produced by the Parties or by third persons or entities;

4. The Parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the trade secret, proprietary, and/or confidential nature of documents, materials, and/or information;

5. The Parties wish to preserve the trade secret, proprietary, and/or confidential nature of such documents, materials, and/or information;

6. The Parties wish to limit the disclosure of trade secret or other confidential research, development or commercial information;

7. As to sealing documents prior to filing, the intent of this Agreed Protective Order is to meet the requirements of CR 5(g).

8. Fed. R. Civ. P. 26(c) provides for the issuance of appropriate protections to preserve trade secret or other confidential research, development or commercial information; and

9. Good cause exists for the issuance of this Agreed Protective Order.

**IT IS, THEREFORE, ORDERED:**

**A.   Definitions.**

The following definitions shall apply for purposes of this Agreed Protective Order:

1. As used herein, "**Trade Secrets**," means information that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the

AGREED PROTECTIVE ORDER

(Page 2)

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888

circumstances to maintain its secrecy. "**Trade Secrets**" may include confidential research, development or commercial information.

2. The term "**Person**" shall mean any natural person, and any corporation, partnership, association, or other entity.

3. The terms "**Party**" or "**Parties**" shall mean Plaintiff, Mari Daniel, individually and as the Personal Representative of the Estate of Melvin Daniel, and as Guardian for the minor children, M.A. Daniel and B.A. Daniel, and Mari Daniel as the Personal Representative of the Estate of Fred Ramiskey, and Defendant, The Coleman Company, Inc., and any and all parent, subsidiary, predecessor and/or successor entities.

**B.    Designation of Trade Secrets.**

1. Documents:  Each page of any document containing Trade Secrets shall be marked prominently "Confidential Material," "Confidential Information," "Confidential," or "Subject to Protective Order."

2. Interrogatory Responses.  Interrogatory responses that involve the disclosure of Trade Secrets shall be treated as Trade Secrets under the terms of this Agreed Protective Order.

3. Deposition Testimony.  Counsel for any Party or for a witness may orally on the record designate deposition testimony or exhibits as "Trade Secrets" during the course of a deposition.  All deposition testimony will be treated in its entirety as Trade Secrets for a period of thirty (30) days after receipt of the transcript.  Prior to the expiration of the 30 days, counsel for any Party or for a witness may designate any portion of the deposition or exhibits as Trade Secrets by advising counsel for all parties of the page and lines of the deposition that are deemed Trade Secrets, or

AGREED PROTECTIVE ORDER

(Page 3)

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888

exhibits that are Trade Secrets. After the expiration of 30 days, all other portions of the deposition will not be treated as Trade Secrets.

**C.     Use of Trade Secret Materials.**

1. Any document or materials marked "Confidential Material," "Confidential Information," "Confidential," or "Subject to Protective Order" shall be utilized solely for the purposes of the above-captioned case and shall not be used by any Party or its counsel for any other purpose, except by further Order of this Court.

2. No Party or its counsel shall disclose any document or other materials designated as "Confidential Material," "Confidential Information," "Confidential," or "Subject to Protective Order" either by verbal description or by showing the material itself to third persons, with the exception of co-counsel or staff members, or the person who is the subject of the document or materials in question for assistance in trial or pretrial preparation, nor shall they release any documents or other materials marked "Confidential Material," "Confidential Information," "Confidential," or "Subject to Protective Order" to any other person, organization, or entity of any kind or nature whatsoever, other than to the Court or any experts consulted or retained on the Parties' behalf, or to witnesses during the course of their depositions. Any disclosure in violation of this Agreed Protective Order shall subject the offending party to such action and penalty as the Court may order, including permissible sanctions under Fed. R. Civ. P. 37.

3. Prior to disclosure of "Confidential" documents provided for herein to persons employed to act as testifying experts, outside consultants or non-testifying experts, translators, or interpreters in this action, counsel for

AGREED PROTECTIVE ORDER

(Page 4)

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

the party requesting production (the receiving party) shall require such persons to execute a Nondisclosure Agreement in the form attached hereto as Exhibit "A", The original of each such Nondisclosure Agreement signed by any such individual shall be promptly provided to counsel for the producing party.

4. All copies, reproductions, or reprints of the documents or other materials designated as "Confidential Material," "Confidential Information," "Confidential," or "Subject to Protective Order" or parts thereof, made by any Party, its counsel, or under counsel's direction shall be secured and protected as set forth in this Agreed Protective Order. Any copies made shall include the designation "Confidential Material," "Confidential Information," "Confidential," or "Subject to Protective Order" and shall be returned to the producing Party, through its counsel, in accordance with the procedures set forth below.

5. Counsel for each Party shall maintain the security of the documents or information designated as "Confidential Material," "Confidential Information," "Confidential," or "Subject to Protective Order" by retaining all such documents and/or materials in his or her office and/or possession, custody, and control at all times.

D. **Filing Confidential Material with the Court.**

In the event any Confidential Information must be filed with the Court prior to the trial, the proposed filing shall comply with the Western District Civil Rule 5(g) regarding filing under seal. This provision is applicable to briefs, memoranda, and other filings that quote, summarize, or describe Confidential Information.

AGREED PROTECTIVE ORDER

(Page 5)

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

E.  **Inconsistent Designations.**

If a Party produces multiple identical copies of a document, and one has been designated as "Confidential Material," "Confidential Information," "Confidential," or "Subject to Protective Order" but the other copies have not, all identical copies shall be treated according to the most restrictive designation.

F.  **Conclusion of Action.**

Final resolution of this action, including exhaustion of appellate remedies, shall not terminate the restrictions of use and disclosure imposed by this Order. Within 60 days of final resolution, each Party who received Trade Secrets shall, at its option, either:

1.  Return all copies, including any copies in the hands of outside experts and consultants, to the producing Party; or

2.  Furnish to the producing Party a certificate in affidavit form and filed in this action attesting that all copies have been collected and destroyed.

G.  **Inadvertent Production of Privileged, Confidential or Work Product Protected Documents**

The inadvertent production of any attorney-client privileged, confidential, and/or work product protected documents shall not constitute a waiver of the privilege or protection, and shall not constitute a general waiver of such privilege or protection. If the Party who inadvertently produces such documents demands return of the document on the grounds that it is attorney-client privileged, confidential, and/or work product protected and has been produced inadvertently, and the Party to whom the document has been produced refuses to return it:

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

       1.     The producing Party will promptly file a motion to compel the return of the document; and

       2.     The Party to whom the document was produced may retain the document pending resolution of the motion to compel, but unless and until the motion is denied by the Court may not use or disclose the document in any way, except as it relates to the motion to compel.

**H.**    <u>**Challenges to Trade Secret Designations**</u>

Any Party, after consultation with opposing counsel concerning documents and/or other materials that are designated Confidential/Trade Secrets, if unable to agree with opposing counsel to such designation, may, within 30 days of the challenged designation, apply to the Court for a determination of the propriety of the material's designation under this Order.

**I.**    <u>**Violation or Breach of Terms of Agreement and/or Order**</u>

Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as a contempt of court if warranted by applicable law. The provisions hereof shall be enforceable as a contract between or among the parties hereto. Any company or corporation that is affiliated with a party and that produces confidential documents or information responsive to a discovery request in this action, shall be a third-party beneficiary of this Order and the Nondisclosure Agreement and may pursue all civil remedies available to such entity for breach thereof. No provision of this Order shall be deemed to require any person or corporation not a party to this action to respond to any discovery request, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party from seeking such additional or further

AGREED PROTECTIVE ORDER

(Page 7)

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
(206) 583-8888

protection as it deems necessary to protect documents or information subject to discovery in this action. Enforcement of the provisions of this Order and remedies for breach and/or violation of the terms hereof may be sought under the continuing jurisdiction of this court or of any court of general jurisdiction in the place where the violation or breach is deemed to have occurred.

This Agreed Protective Order shall govern all proceedings in the above-captioned case and shall remain in effect unless and until it is suspended by further Order of this Court.

IT IS SO ORDERED this 13th day of June, 2007.

*(signature)*

Karen L. Strombom

United States Magistrate Judge

Approved by:

**PERKINS COIE, LLP**

By___(original signed)_____
    Keith Gerrard, WSBA #102
    Todd W. Rosencrans, WSBA #26551
    1201 Third Avenue, Suite 4800
    Seattle, WA  98101-3099
    Tel.:  206-583-8888
    Fax:  206-583-8500

**HINKLE ELKOURI LAW FIRM, L.L.C.**

By___(original signed)_____

AGREED PROTECTIVE ORDER

(Page 8)

PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888

| | |
|---|---|
| 1 | Kenneth R. Lang (pro hac vice) |
| | Amy M. Decker (pro hac vice) |
| 2 | 8621 East 21st Street North, Ste. 200 |
| | Wichita, KS 67206-2991 |
| 3 | Telephone: (316) 660-6510 |
| | Facsimile: (316) 660-6610 |
| 4 | |
| | *Attorneys for Defendant* |
| 5 | *The Coleman Company, Inc.* |

6  **LAW OFFICES OF MICHAEL E. BLUE, PLLC**

7

By_____(original signed)_____
8       Michael E. Blue
        300 Elliott Avenue West, Suite 550
9       Seattle, WA 98119

10  **JEFFERY M. CAMPICHE, P.S., TRIAL ATTORNEYS**

11

By_____(original signed)_____
12      Jeffery M. Campiche
        300 Elliott Avenue West, Suite 550
13      Seattle, WA 98119

14  **MARK N. STAGEBERG LAW FIRM**

15

By_____(original signed)_____
16      Mark N. Stageberg
        5101 Thimsen Avenue, Suite 201
17      Minnetonka, MN  55345

18  **THE BIERLEIN LAW OFFICE, P.S.**

19

By_____(original signed0_____
20      Thomas C. Bierlein
        1315 NW Mall Street, Suite 4
21      Issaquah, WA 98027

22

AGREED PROTECTIVE ORDER

(Page 9)

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
(206) 583-8888

1 | **PREMIER LAW GROUP, PLLC**

2 | By_____
3 |     Patrick J. Kang
    3131 Elliot Avenue, Suite 710
4 |     Seattle, WA 98121

5 | *Attorneys for Plaintiffs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

AGREED PROTECTIVE ORDER

(Page 10)
3099

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-

(206) 583-8888

# EXHIBIT "A"

## NONDISCLOSURE STATEMENT

The undersigned, having read the Agreed Protective Order (the "Protective Order") entered in this action and intending to be legally bound thereby, agrees as follows:

1. All trade secret confidential information disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action and shall not be used for any business or other purpose.

2. Such trade secret confidential information shall be disclosed to and discussed only with parties to this suit, the parties' legal counsel and other persons who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents nor information acquired or extracted from such documents will be divulged or made accessible to any other person, company, firm, or news entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify in deposition or at trial in this action or to prepare documents or other materials for use in this action.

3. The undersigned agrees to take all reasonable precautions to avoid loss or inadvertent disclosure of documents or information designated as confidential under the Protective Order.

4. The undersigned further agrees that upon the final termination of this litigation, he or she shall return any trade secret confidential information that may be in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses,

AGREED PROTECTIVE ORDER

(Page 11)
3099

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-

(206) 583-8888

1  pleadings, or other writings reflecting or revealing such information), to the attorney from
2  whom he or she received such documents and materials.

3   Dated: _____

_____
Signature

_____
Name

_____
Address

_____
Employer

AGREED PROTECTIVE ORDER

(Page 12)

**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099

(206) 583-8888