UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARI DANIEL, individually and as the Personal Representative of the Estate of MELVIN DANIEL; and, as Guardian for the minor children, M.A. Daniel, DOB 6/13/90, and B.A. Daniel, DOB 6/28/93; and, MARI DANIEL, as the Personal Representative of the Estate of FRED RAMISKEY,<br><br>Plaintiffs,<br><br>v.<br><br>THE COLEMAN COMPANY, INC., a Delaware corporation,,<br><br>Defendant. | No. 06-5706 KLS<br><br>ORDER GRANTING MOTION REGARDING USE OF DEPOSITIONS |

Before the Court is the Plaintiffs' Motion for Permission to Utilize Depositions from the Ongpituk Case or in the Alternative for Additional Time to Complete Identical Depositions. (Dkt. #76). The Defendant filed its response (Dkt. #79) and the Plaintiffs filed a reply (Dkt. #81).

The Plaintiffs assert that the video taped depositions taken of Randy May, Frank Schmidt and Rex Weigand in the *Ongpituk* case, which case also involved a Powermate 5045, should be available for use in this case. They point out that these three individuals are no longer employed by Coleman and reside in either Texas or Kansas. They are also requesting use of the video deposition of Stuart Meether, Coleman's current incident investigator and primary company representative in litigation. In addition, the Plaintiffs

1 point out that the attorneys present for these four *Ongpituk* depositions are the identical attorneys utilized
2 by the clients in this case.

3 The Defendant objects to the use of such depositions on two grounds. First, that this violates a
4 strong policy in federal courts to have live testimony over testimony by deposition. Second, any ruling by
5 the court whether prior testimony is admissible is premature.

6 It is this Court's understanding that the depositions were taken by video tape. Therefore, the trier
7 of fact will have the opportunity to observe the demeanor of the witnesses while testifying. In addition,
8 three of the individuals are no longer employed by Coleman and none of them reside in the State of
9 Washington. These factors are sufficient to overcome any policy against the use of deposition testimony.

10 This Court understands that the same model heater is involved in the *Ongpituk* case as in this case.
11 It is difficult to understand why the use of the depositions in one case should not be utilized in this case to
12 the extent that the offered testimony is admissible under the Rules of Evidence. Such utilization would
13 eliminate duplicating time and expense and would be less intrusive on three individuals who are no longer
14 employed by Coleman.

15 On the other hand, with regard to Stuart Meether, he is still an employee of Coleman and he is
16 available for trial.

17 Therefore, the Plaintiffs' motion to use the depositions of May, Smith and Weigand, taken in the
18 *Ongpituk* case, is granted to the extent that the offered testimony is determined to be admissible by the
19 Court prior to trial. The Plaintiffs' motion with regard to use of the video deposition of Stuart Meether at
20 trial is denied. However, should Mr. Meether become unavailable or no longer employed by Coleman
21 prior to trial in this matter, the Plaintiffs' may request reconsideration of this portion of the order only.

22 The Plaintiffs' Motion or Permission to Utilize Depositions from the *Ongpituk* case is therefore
23 GRANTED IN PART and DENIED IN PART, as described above. (Dkt. #76).

24 DATED this 27th day of November, 2007.

                 /s/ Karen L. Strombom
                 Karen L. Strombom
                 U.S. Magistrate Judge