1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10

11  MARI DANIEL, individually and as the
    Personal Representative of the Estate of
12  MELVIN DANIEL; and, as Guardian for the
    minor children, M.A. Daniel, DOB 6/13/90,
13  and B.A. Daniel, DOB 6/28/93; and, MARI
    DANIEL, as the Personal Representative of    No. 06-5706 KLS
14  the Estate of FRED RAMISKEY,

15                 Plaintiffs,

16                                               ORDER GRANTING MOTION TO
           v.                                    EXCLUDE TESTIMONY
17
    THE COLEMAN COMPANY, INC., a
18  Delaware corporation,,

19                 Defendant.

20

21        The Coleman Company, Inc. filed a motion to exclude the expert testimony of Dr. Jack M. Reiter,

22  a psychologist, as well as the testimony of John Purrington, Sherrie, Sarah, and Linda, all of whom are

23  counselors.  (Dkt. #61).  The Plaintiffs filed their response (Dkt. #64 and 65) and the Defendant filed its

24  Reply (Dkt. #66).

25        This case involves claims under the Washington survival statutes, R.C.W. 4.20.046 and 4.20.060,

26  as well as under the wrongful death statutes, R.C.W. 4.20.010 - .020.  Under the applicable law, Mari

27  Daniel is entitled to recover certain non-economic damages which includes consideration of the following:

28  fellowship of husband and wife and the right of one spouse to the company, cooperation, and aid of the

other in the matrimonial relationship.  It includes emotional support, love, affection, care, services, companionship, including sexual companionship, as well as assistance from one spouse to the other.  WPI 31.02.01.

The two minor children are entitled to recover non-economic damages based on what Melvin Daniel reasonably would have been expected to contribute to them "in the way of love, care, companionship, and guidance."  WPI 31.03.01.

The plaintiffs wish to present testimony supporting the plaintiffs' claims for non-economic damages through their retained psychologist as well as treating counselors.  More specifically, the plaintiffs identified the substance of the expected testimony at page 4 of its Response (Dkt. #64), as follows:

> He [Dr. Reiter] will further testify as to the expected sequalae [sp] for a young woman who lost her spouse of 20 years, the father of her children and her father.  He will testify as to the expected sequalae [sp] of a young male teenager who lost his role models, his father and grandfather to who he was particularly close as well as the guilt issues addressed by the fact he was one step away from accompanying his father and grandfather on a fatal hunting trip.  Dr. Reiter will further testify as to the losses suffered by a young adolescent girl who lost her father and grandfather.  He will testify as to the need for grief and other adjustment counseling as well as testify to the reasonableness of special damages incurred for said counseling.

In addition, the Plaintiffs noted that the counselors would provide opinion testimony "as to the damage done to the family members as a result of the deaths."

First, this Court notes that there is no compensable loss available to the two minor children for the death of their grandfather.  Any testimony in that regard is irrelevant to the claims before the court.  Second, the need for "grief and other adjustment counseling" is not a recoverable element of damages.  Third, any "guilt issues" the minor son may have with regard to his not going on the camping trip is not a recoverable element of damages.

Finally, this Court notes that expert testimony is admissible only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue."  ER 702.  In other words, the subject matter should be beyond common understanding.  The plaintiffs' recoverable non-economic damages do not require expert testimony in order for a person of common knowledge and experience to understand this particular element of damages.

The defendant's motion to exclude the testimony of Dr. Reiter, John Purrington, Sherrie, Sarah and Linda is GRANTED. (Dkt. #61).

1    DATED this 27th day of November, 2007.

2

3                                         /s/ Karen L. Strombom
                                       Karen L. Strombom
                                       U.S. Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion to Exclude
Page - 3