UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARI DANIEL, individually and as the Personal Representative of the Estate of MELVIN DANIEL; and, as Guardian for the minor children, M.A. Daniel, DOB 6/13/90, and B.A. Daniel, DOB 6/28/93; and, MARI DANIEL, as the Personal Representative of the Estate of FRED RAMISKEY,<br><br>Plaintiffs,<br><br>v.<br><br>THE COLEMAN COMPANY, INC., a Delaware corporation,,<br><br>Defendant. | No. 06-5706 KLS<br><br>ORDER GRANTING COLEMAN'S MOTION TO EXCLUDE EILEEN KIRKPATRICK'S TESTIMONY AND DATA |

Before the Court is Coleman's Motion to Exclude the testing, opinions and testimony of Eileen M. Kirkpatrick. (Dkt. # 77 and 78). The Plaintiffs filed their Response (Dkt. # 90 - 92) and the Defendant filed its Reply. (Dkt. #98).

The Defendant asserts that the Plaintiffs failed to timely disclose Ms. Kirkpatrick as an expert witness pursuant to the Scheduling Order and Fed. R. Civ. P. 26(a)(2)(C) and that they have never supplemented their answers to interrogatories regarding expert witnesses. The Defendant therefore requests the Court issue an order pursuant to Fed. R. Civ.. P. 37(c)(1) excluding the testimony of Ms. Kirkpatrick as well as any use of her information at trial.

The Plaintiffs acknowledge that they have never identified Ms. Kirkpatrick as an expert witness and

they take the position that the only issue to be determined is whether their other experts may take the information provided by Ms. Kirkpatrick into consideration in rendering their opinions at the time of trial. They confirm that Ms. Kirkpatrick will not offer an opinion herself. It does appear, however, that they wish to call her as a "fact" witness. While little is know of her background, the Court has been advised that Ms. Kirkpatrick is an industrial hygienist who conducted testing of the subject trailer on November 16, 2007. She authored a report dated November 18, 2007 and a copy of that report was provided counsel for the Defendant on November 19, 2007.

This Court issued a Scheduling Order (Dkt. #20) which established a date for identification of expert witnesses (October 3, 2007) and set a discovery cut-off date of December 3, 2007. Fed. R. Civ. P. 26(a)(2)(B) requires the disclosure of expert witnesses to include a report that shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore. Further, if the Court does not set a cut-off date for identification of rebuttal testimony, Fed. R. Civ. P. 26(a)(2)(C) requires such disclosure as follows: "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party." It is clear that the rebuttal testimony must be provided within 30 days of the date the written report is provided, not the taking of a deposition as suggested by the Plaintiffs.

In this case there is no dispute that the Defendant identified their expert witnesses by the cut-off date of October 3, 2007. The parties were required to identify their rebuttal testimony either within 30 days of their receipt of the expert identification as required by Rule 26 or within 30 days of the Court established deadline which would have been November 3, 2007.

The testing which forms the basis of Ms. Kirkpatrick's report was not disclosed to the Defendants until November 19, 2007 or 16 days after the rebuttal evidence should have been produced and only 14 days before the discovery cut-off date.

The Plaintiffs have offered no good reason why the testing done by Ms. Kirkpatrick could not have been done in a timely manner. In fact, they have advised the Court that her "data changes nothing" and that it "merely provides additional factual support to plaintiff's expert's preliminary opinions prior to their depositions." (Dkt. #90, p. 2). If this is in fact the case, any information she obtained is clearly cumulative to the expert's opinions who were properly disclosed.

1  In addition, the Plaintiffs propose to have Ms. Kirkpatrick testify as a "fact" witness yet it is clear,
2  based on a reading of her November 17, 2007 letter that the test she ran could have only been
3  accomplished by someone with some expertise in the area of testing.  Clearly a layperson with no
4  specialized training or education could not have set up the test procedure, utilized the specialized
5  equipment, found any facts or reached any conclusion.  She is the source of expert testimony.  Yet, the
6  Plaintiffs suggest that she should be allowed to testify as a "fact" witness and therefore not be qualified as
7  an expert, and then allow experts to utilize the "facts" in forming an expert opinion.  While experts in the
8  field may rely on the testing done by Ms. Kirkpatrick, the testing is clearly done as an expert and not as a
9  "fact" witness.

10  The Defendant's request relief provided pursuant to Fed. R. Civ. P. 37 (c)(1):

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, . . .

15  The Plaintiffs have provided the undersigned with no justification for their failure to timely disclose
16  the information as required under Rule 26(a) as it is clear that Ms. Kirkpatrick's evidence could only be
17  provided by an expert.  She did not perform any testing until more than a month after the cut-off date for
18  identification of expert witnesses and the information was not disclosed to the Defendants until 16 days
19  after rebuttal evidence was due.

20  According to the Plaintiffs' own admissions, the information from Ms. Kirkpatrick changes nothing
21  in the Plaintiffs' case.  It would, however, change things for the Defendants.   If the Court were to allow
22  the evidence this would require opening of discovery, additional depositions and perhaps even additional
23  testing.  Trial is scheduled for March 31, 2008.  The parties should have this time to adequately prepare for
24  trial based on the evidence that was timely provided under the Rules.

25  The Defendants Motion to Exclude the testing, opinions and testimony of Eileen M. Kirkpatrick is
26  GRANTED.  (Dkt. #77).   Ms. Kirkpatrick is excluded as a witness at trial and none of her testing,
27  opinions or conclusions may be relied upon, referenced or utilized in any fashion by any of the Plaintiffs
28  experts at trial.

The Defendant has requested additional sanctions against the Plaintiff, to include monetary sanctions representing the time and effort related to preparing their motion and replying to the Plaintiffs' Response. The Court is reserving ruling on that portion of the Defendant's motion until the conclusion of this case. The Defendant is directed to re-note the motion at that time.

DATED this 16th day of January, 2008.

                                            Karen L. Strombom
                                            United States Magistrate Judge