UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARI DANIEL, individually and as the Personal Representative of the Estate of MELVIN DANIEL; and, as Guardian for the minor children, M.A. Daniel, DOB 6/13/90, and B.A. Daniel, DOB 6/28/93; and, MARI DANIEL, as the Personal Representative of the Estate of FRED RAMISKEY,<br><br>Plaintiffs,<br><br>v.<br><br>THE COLEMAN COMPANY, INC., a Delaware corporation,,<br><br>Defendant. | No. 06-5706 KLS<br><br>ORDER DENYING MOTION FOR SANCTIONS FOR PLAINTIFFS' REPRESENTATIVES' EGREGIOUS CONDUCT AS WELL AS ALL OTHER MOTIONS CONTAINED IN THE PLEADINGS |

The matter presently before the court is Defendant, The Coleman Company, Inc's Motion for Sanctions for Plaintiff's Representatives' Egregious Conduct (Dkt. #94) as well as motions incorporated in the parties' pleadings which include a motion to strike the Declaration of Jeffery M. Campiche (Dkt. #108) filed by the Defendant and a Motion to Strike the over-length portions of the Defendant's Reply to Plaintiff's Response which is contained in the Plaintiffs' Surreply. (Dkt. #123). The for the reasons stated below, all motions are DENIED.

Based on the Court's understanding of the initial motion, the Defendant asserts that the cumulative

Order Denying Motions
Page - 1

misconduct of Plaintiffs' counsel is so egregious that it requires this Court to impose sanctions. Plaintiffs' counsel denies any such egregious conduct.

The undersigned has read and reviewed all of the documents filed in support of and in opposition to this motion. It is the Court's understanding that the motion is based on five specific instances as well as conduct that is the subject of separate pending motions.

**(1) Testing.** The first issue raised by the Defendant is the failure of Plaintiffs' counsel to provide notice of testing which was being conducted in/on the subject camper. In support of this assertion, the Court's attention is drawn to an ASTM guideline, a copy of which is attached as Exhibit A to the Declaration of Scott R. Schillings. (Dkt. #96). The Court has reviewed Exhibit A and notes that the guideline "recommends" notification to other parties "if it is determined that any test . . . is likely to alter the nature, state or condition of the evidence so as to preclude or adversely limit similar . . . examination and testing." No facts have been presented to this Court that support the invocation of this "recommendation" as nothing has been presented to this Court to support the conclusion that the testing that was conducted was destructive.

Further, the Court is not aware of any legal requirement of providing notice prior to tests being conducted nor has anything been drawn to the Court's attention that suggests the Plaintiffs agreed to provide notice to the Defendant of its experts conducting tests.

Finally, the Court notes that while the Defendant asserts the application of the ASTM guidelines, the Court has not been provided with any citation to legal authority that makes the guideline a legally binding and mandatory obligation of the Plaintiffs. The Court is certainly aware of the fact that destructive testing may result in a motion being presented to the Court. That is clearly not the circumstance in this case. The Defendant has failed to show any egregious conduct on the part of the Plaintiffs' counsel.

**(2) Availability of the camper for testing.** On April 16, 2007 the Defendant filed a Motion to Preserve Evidence. (Dkt. #17). The Defendants asked that this Court order the Plaintiffs to retain ownership of the camper until the case was resolved. On May 17, 2007 the undersigned issued an Order denying the Defendant's motion but also required the Plaintiffs to retain control of the camper for two more months in order to allow the Defendant time to conduct any and all testing on the camper or its

component parts. (Dkt. #32). Now the Court has become aware of the fact that the Defendants did not do any testing. Apparently the Defendant did nothing with regard to the trailer except take pictures sometime in late August or early September - long after the time limit provided in my Order had expired.

In this motion, the Defendant alleges that in September 2007 it was intentionally mislead regarding the status of the subject camper. They were told, and the Plaintiffs admit this, that the camper had been sold. The Defendant was subsequently advised, on November 28, 2007, that the camper might still be available for inspection as it had not been sold but had been moved to a consignment lot in Buckley, Washington. The Court does not find this issue to be something other than an error. In light of the fact that the Defendant did nothing with the camper when the Court ordered it be available, the Court is hard pressed to find how the Defendant has been damaged in any fashion when it was first misinformed regarding the status of the camper. The Defendant has failed to show any egregious conduct on the part of Plaintiffs' counsel.

**3. Mr. Haney's deposition**. A careful reading of Mr. Haney's declaration (Exhibit H to Declaration of Scott R. Schillings, Dkt. #96) does not support the Defendant's assertion that it is a "sham." In Mr. Haney's deposition (Exhibit I to Declaration of Scott R. Schillings, Dkt. #96) Mr. Haney does clearly testify that when the knob "reaches the detent, it pops out and it shuts it off." This testimony is also supported by the DVD which was provided as Exhibit J to Scott R. Schillings Declaration.

Mr. Haney, in his most recent declaration at page 3, linesl 9 - 10, testified that the heater "control knob turned smoothly without clicks or stops or hesitations." This testimony does not contradict his deposition testimony. It can be understood that his testimony relates to the movement of the knob when in the "on" position covering the range from high to low. There is no clear contradiction. The Defendant has failed to show any egregious conduct on the part of Plaintiffs' counsel or Mr. Haney.

**4. Deposition of Mr. Engberg**. The Court notes that the Defendant filed its motion defense counsel stated that he was "concerned that Mr. Stageberg will not produce Mr. Engberg for testimony, as ordered by the Court." Mr. Engberg was produced and his deposition was taken. The Defendant has failed to show any egregious conduct on the part of Plaintiffs' counsel.

**5. Miscellaneous argument**. The undersigned notes that in its "Factual Background" section of its Motion that the Defendant raised issues regarding (a) an "expert" report by Eileen M. Kirkpatrick and

Order Denying Motions
Page - 3

1 noted that a separate motion had been filed in regard to her report; (b) untimely rebuttal reports by two of
2 Plaintiffs' experts, Gary Hutter and Tarald Kvalseth; and (c) Plaintiffs' late assertion of a new, alternate
3 case theory.  These issues were not, however, addressed under the "Arguments and Authorities" section of
4 the Defendant's Motion.  This Court further notes that it has already excluded Eileen M. Kirkpatrick's
5 testimony and use of her information as evidence at trial.  The other two issues appear to be included in
6 motions pending before this Court.   While the Court did grant the Defendant's motion with regard to Ms.
7 Kirkpatrick, the other two issues are still pending and cannot provide the basis for any finding of egregious
8 conduct on the part of the Plaintiffs.

9       In light of the Court's ruling, the parties additional motions to strike are DENIED.

10       Finally, for the reasons stated above, the Defendant's Motion for Sanctions for Plaintiff's
11 Representatives' Egregious Conduct is hereby DENIED. (Dkt. #94).

13       DATED this 17th day of January, 2008.

      Karen L. Strombom
      United States Magistrate Judge