UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARI DANIEL, individually and as the Personal Representative of the Estate of MELVIN DANIEL; and, as Guardian for the minor children, M.A. Daniel, DOB 6/13/90, and B.A. Daniel, DOB 6/28/93; and, MARI DANIEL, as the Personal Representative of the Estate of FRED RAMISKEY,

Plaintiffs,

v.

THE COLEMAN COMPANY, INC., a Delaware corporation,,

Defendant.

No. 06-5706 KLS

ORDER DIRECTING PAYMENT OF EXPERT WITNESS FEES

This matter comes before the Court on Plaintiffs' Motion to Compel Coleman to Pay Expert Witness Deposition Expenses. (Dkt. #111 - 113). The Defendant filed its Response (Dkt. #120 - 121) and the Plaintiffs filed their Reply (Dkt. #124).

**BACKGROUND**

This is a wrongful death products liability action brought against the Defendant. It is one of several similar cases involving the same counsel for both parties and, in some instances, the same expert witnesses.

In this case, the Plaintiffs request an order from this Court directing the Defendant to pay the

1  deposition expenses incurred by four of their experts. The Defendant's Reply included no objections to the
2  requested fees for Robert Engberg, Gary Hutter or Tarald Kvalseth. The Court, therefore, awards the fees
3  in the amounts requested by these three witnesses. The Defendant does, however, object to the fees
4  requested by Dr. David Penney.

5  Dr. Penney was deposed on November 30, 2007 in two cases in which Coleman is a named
6  defendant. The first deposition was in the case of *Torrey v. The Coleman Company, Inc.* which is filed in
7  the United States District Court for the District of Colorado. That deposition commenced at 9:26 am and
8  concluded at 11:27 a.m. for a total time of 2 hours and 1 minute. The second deposition was in the *Daniel*
9  case which commenced at 12:59 p.m. and concluded at 3:15 p.m., for a total time of 2 hours and 16
10 minutes. Mr. Penney charged the defendant in the *Torrey* case $1,800 for his deposition time and he
11 charged the defendant in the *Daniel* case $1,800 for his deposition time, based on a four hour minimum fee
12 per deposition.

13 Dr. Penney submitted a billing in the *Torrey* case in which he charged 131 minutes for Preparation
14 Time on November 30th. He submitted a bill in this case (*Daniel*) in which he charged 105 minutes for
15 Preparation Time, also for work done on the date of the depositions, November 30th. He charged the rate
16 of $250/hour for his preparation time.

17 Dr. Penney billed the defendant, in both the *Torrey* case as well as in this case, the sum of $355.00
18 as a copying and FedEx charge for providing a copy of his file to defense counsel. No explanation has
19 been provided regarding the basis for this amount.  He also billed each defendant the sum of $80 for
20 ground transportation "to/from Traverse City, MI" for a deposition which was taken at the same location
21 on the same date.

22 **DISCUSSION**

23 Fed. R. Civ. P. 26(b)(4)(C)(I) requires the party seeking discovery to "pay the expert a reasonable
24 fee for time spent in responding to discovery" under Rule 26(b)(4)(A). As noted above, the Defendant did
25 not raise any issue regarding the reasonableness of the fees requested by Robert Engberg, Gary Hutter or
26 Tarald Kvalseth. The Defendant does, however, raise several issues regarding the "reasonableness" of the
27 fees and costs charged by Dr. Penney.

28 **1. Fees for Discovery Deposition of Dr. Penney**. The Defendant objects to Dr. Penney charging

a flat rate of $1,800 for a deposition that took two hour sixteen minutes. They assert that this flat rate based on a four hour minimum is not reasonable.

The Plaintiffs point out that Dr. Penney is "the leading researcher and author in the world in the area of carbon monoxide poisoning." (Dkt. #111, p. 3) They also assert that Dr. Penney's basic charge for his deposition time is very much in line with the other experts, although it higher than the other three experts retained by the Plaintiffs.[1] Dr. Penney's flat rate of $1800 for a minimum of four hours equates to an hourly rate of $450.

The issue before the Court is whether the flat rate charged by Dr. Penney is reasonable. The reasonableness of the fee is further challenged by the fact that Dr. Penney gave two depositions on the same date for a total time expended in depositions of 4 hours and 17 minutes. For that work he charged a total of $3,600, which equates to a few pennies more than $841/hour.

The Plaintiffs have made no showing to this court which would justify a flat rate fee of $1800 with a four hour minimum requirement. The record is absolutely silent regarding a special need on the part of Dr. Penney to establish a four hour minimum time requirement. There is no evidence presented, in support of this motion, which supports a conclusion that this case is any more difficult or complicated than any of the other carbon monoxide cases in which Dr. Penney is involved. There is no good reason to require counsel to conduct a four hour discovery deposition, in order to get their money's worth, when that deposition can be concluded in half that time. This Court finds that a flat rate fee of $1800 for a minimum of four hours is unreasonable and not supported by any evidence presented to the court.

The Court does find, however, that the hourly fee of $450/hour is not inconsistent with the fees of the other experts whose bills have been presented to this court. While Dr. Penney's hourly rate is the highest rate charged, the Defendant has not disputed, for purposes of this motion, his expertise in the area of carbon monoxide poisoning. Dr. Penney is therefore entitled to a total of $1,026.00 for his time spent in the deposition on November 30, 2007.

**2. Preparation Time.** This issue of "Preparation Time" is of concern to this Court. Dr. Penney's

---

[1] Robert Engberg charged $300/hour; Gary Hutter charged $195/hour; and Tarald Kvalseth charged $350/hour.

bills show that on the day of the depositions he spent two hours and eleven minutes of preparation in the *Torrey* case and one hour and forty-five minutes of preparation in the *Daniel* case.  It is unclear to the Court if this includes travel time and, if so, how the travel was allocated between the two cases.

If travel time is not included, then the amount of time spent in preparing for the deposition raises additional issues.  The record shows that the deposition in the *Torrey* case started at 9:26 a.m.  This infers that Dr. Penney had to have started his preparation around 7:00 a.m. with minimal time allowed for travel.  This amount of time, however, does not seem reasonable in light of the $80 charge for ground transportation charged in both cases.   This would also then suggest that the preparation for the *Daniel* deposition took place between the two depositions.  That, however, could not be the case in that there was less than one hour and forty-five minutes between the conclusion of the deposition in *Torrey* and the commencement of the deposition in *Daniel.*  The Court is, therefore, deferring ruling on the request for reimbursement of Preparation Time on the terms set forth below.

**3. Ground Transportation and Copying Charges.**  Dr. Penney charged the Defendant in the *Torrey* case and the *Daniel* case "$80 ground transportation to/from Traverse City, MI."  The depositions, however, were taken on the same day at the same location.  It is unclear to this Court why both defendants should pay the same charge for the same transportation.

With regard to copying fees charged, there is nothing in the billing to show the basis for the amount charged.

Therefore, the undersigned is deferring ruling on the request for reimbursement of ground travel and copying charges on the terms set forth below.

**4. Request to Delay Ruling.**  The Defendant requested this Court to delay ruling on fee reimbursement in light of motions to strike expert witnesses' testimony and opinions.  These motions have now been filed and have noting dates of January 18, 2007 and January 25, 2007.  The Court is **denying** that request.

### ORDER

The Plaintiffs' Motion to Compel Coleman to Pay Expert Witness Deposition Expenses (Dkt. #111) is **GRANTED IN PART** as follows:

The Defendant is **ORDERED** to pay the following expenses:

    a. Robert Engberg in the sum of $6,315.00;

    b. Gary Hutter in the sum of $2,772.50; and

    c. Tarald Kvalseth in the sum of $3,400.00 within 30 days of the date of this Order.

The Court is **deferring final ruling** with regard to the total sum due Dr. Penney upon receipt of detailed information which (1) adequately explains the "Preparation Time" charged in the *Torrey* and *Daniel* cases; (2) adequately explains the basis of the $80 ground transportation charge in both cases; and (3) adequately explains the basis of the copying charges of $355 in both cases. This additional supplemental information is due no later than February 1, 2008. The Defendant may file a Response to this supplemental information no later than February 8, 2008. There shall be no Reply from the Plaintiffs.

DATED this 25rd day of January, 2008.

                        /s/ Karen L. Strombom  
                        Karen L. Strombom  
                        U.S. Magistrate Judge