UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARI DANIEL, individually and as the Personal Representative of the Estate of MELVIN DANIEL; and, as Guardian for the minor children, M.A. Daniel, DOB 6/13/90, and B.A. Daniel, DOB 6/28/93; and, MARI DANIEL, as the Personal Representative of the Estate of FRED RAMISKEY,

Plaintiffs,

v.

THE COLEMAN COMPANY, INC., a Delaware corporation,,

Defendant.

No. 06-5706 KLS

ORDER REGARDING ADDITIONAL COSTS FOR DAVID PENNEY, Ph.D.

This matter comes before the Court on the Court's direction to the parties to submit additional detailed information relating to deposition expenses submitted by Dr. Penney which "(1) adequately explains the "Preparation Time" charged in the *Torrey* and *Daniel* cases; (2) adequately explains the basis of the $80 ground transportation charge in both cases; and (3) adequately explains the basis of the copying charges of $355 in both cases." (Dkt. #173)

The Plaintiffs filed their Reply and Declaration of Counsel Regarding Dr. Penney's Response to Supply Documentation of Deposition Expense (Dkt. #185) and the Defendant filed its Response. (Dkt. #193). The matter is now ripe for determination by this Court.

**BACKGROUND**

This is a wrongful death products liability action brought against the Defendant. It is one of several similar cases involving the same counsel for both parties and, in some instances, the same expert witnesses.

The Plaintiffs' requested an order from this Court directing the Defendant to pay the deposition expenses incurred by four of their experts. (Dkt. #111-113). This Court directed payment for some of the deposition expenses in its Order Directing Payment of Witness Fees (Dkt. #173). However, the Court set forth specific issues with regard to deposition expenses claimed by Dr. Penney and directed counsel to provide additional information to assist the Court in determining the reasonableness of the charges.

**DISCUSSION**

The Court requested additional information regarding (1) preparation time, (2) ground transportation, and (3) copying charges. Dr. Penney addressed each issue in his written response. He also addressed the flat rate deposition fee. This court has already ruled with regard to the deposition fee and that issue is not before this Court.

**1. Preparation time.** In its Order, the Court noted that Dr. Penney's bills showed that on the day of the depositions he spent two hours and eleven minutes of preparation in the *Torrey* case and one hour and forty-five minutes of preparation in the *Daniel* case. The undersigned further noted that it was unclear if this "preparation time" included travel time.

In his response, Dr. Penney states that the preparation time was spent in the early morning hours and that the amount of time in each billing is attributable to actual preparation for each case. The Court finds this to be a reasonable explanation of his time and is awarding the sum of **$1,595.83**, as requested.

**2. Ground transportation.** Initially Dr. Penney charged "$80 ground transportation to/from Traverse City, MI" in both the *Torrey* and *Daniel* case. The Court noted that the depositions in both cases were taken the same day, one following the other. It was unclear as to why both defendants should pay the same charge for the same transportation.

In his response, Dr. Penney acknowledged an error in his billing and now requests $40 for ground transportation. It does appear that he drove to the deposition and he also asserts that during this time he was still preparing for the deposition. The Court assumes this means that he was thinking about the cases as he drove. The Defendant's Response suggests that Dr. Penney is only entitled to the statutory mileage

fee which it asserts is $15.52 for each case.  This does not, however, make allowance for Dr. Penney's time.  The Court concludes that the request of **$40** as a transportation fee is reasonable and that sum is awarded Dr. Penney.

**3. Copy charges.**  The Court noted in its Order (Dkt. #173) that there was "nothing in the billing to show the basis for the amount charged" for copying fees.  The information before the Court showed that Dr. Penney charged the sum of $355.00 as a copying and FedEx charge for providing a copy of his file to defense counsel and that this exact same amount was charged in the *Torrey* and *Daniel* cases.

In his response, Dr. Penney states that he has no clerical help, that he copied the file himself and that he charges $250.00 per hour for copying.  He further advised the court that the "actual cost of using the copy machine and mailing (i.e. FedEx) are added to those for my time at the referenced rate."

The Defendant's Response includes the statement that Dr. Penney's file included 281 copies in the *Daniel* case and 206 copies in the *Torrey* case.

The undersigned finds that the proffered explanation is insufficient for this Court to find that the requested sum is a "reasonable" sum for purposes of paying an expert for time spent in responding to discovery pursuant to Fed. R. Civ. P. 26(b)(4)(A).  Even though Dr. Penney does not have clerical help, it is unreasonable for him to charge the rate of $250/hour to copy a 281 page file.  There is no information before this Court that any portion of Dr. Penney's file contained documents that required special handling for copying purposes.  No information was given this Court as to the amount of time required to do the copying nor was any detailed information provided this Court which set forth the "actual cost of using the copy machine" or the actual cost of mailing.  The Court is required to make an independent determination regarding the reasonableness of the fees requested and that determination can only be made when specific, detailed information is provided.

While it is clear that Dr. Penney should be reimbursed for his copying and mailing costs, he has failed to provide the detailed information requested.  The Court is therefore awarding Dr. Penney the sum of $140.50 for copying costs.  This sum was determined by multiplying the number of pages in his file (281) by the cost per page charged by the Clerk's Office in the Western District of Washington ($.50/page).

**ORDER**

The remaining portion of the Plaintiffs' Motion to Compel Coleman to Pay Expert Witness Deposition Expenses (Dkt. #111) is **GRANTED** and the Defendant is ordered to pay Dr. Penney the additional sum of **$1,776.33** within 30 days of the date of this Order.

DATED this 19th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge