1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                                   AT TACOMA

10

11   MARI DANIEL, individually and as the
     Personal Representative of the Estate of
12   MELVIN DANIEL; and, as Guardian for the
     minor children, M.A. Daniel, DOB 6/13/90,
13   and B.A. Daniel, DOB 6/28/93; and, MARI
     DANIEL, as the Personal Representative of     No. 06-5706 KLS
14   the Estate of FRED RAMISKEY,

15              Plaintiffs,

16        v.                                       ORDER GRANTING, IN PART,
                                                   COLEMAN'S MOTION TO EXCLUDE
17                                                 OUT-OF-TIME REBUTTAL REPORTS
     THE COLEMAN COMPANY, INC., a                  AND NEW CASE THEORY
18   Delaware corporation,,

19              Defendant.

20

21                              INTRODUCTION

22        This matter comes before the Court on the Defendant's Motion to Strike or Otherwise Exclude

23   Plaintiff's Out-Of-Time Rebuttal Reports, and New Case Theory.  Dkt. #95.  At issue are a supplemental

24   and rebuttal report by Robert E. Engberg dated November 25, 2007 (Dkt. #97, Exhibit A), a supplemental

25   and rebuttal report by Gary Hutter dated November 24, 2007 (Dkt. #97, Exhibit A), a written report by

26   Gary Hutter dated November 27, 2007 (Dkt. #97, Exh. B) and a letter by Tarald Kvalseth dated November

27   21, 2007 (Dkt. #97, Exhibit B).

28

Order Granting, in Part, Coleman's Motion to Exclude

Page - 1

1

## DEFENDANT'S REQUEST

2      The Defendant's motion is two fold.  First, the Defendant requests that all four reports be excluded

3   because they were provided after November 3, 2007, the cut off date for production of expert rebuttal

4   reports.[1]  Second, the Defendant requests that the November 27, 2007 report by Gary Hutter be excluded

5   as it asserts a new theory in the case - that being that the fuel flow was reduced not by "tank valve control"

6   but rather by the "heater control knob."

7      Up to, and including the date of November 24, 2007, the timely identified expert witnesses for the

8   Plaintiffs based their conclusions on the "tank valve theory," which assumes that the fuel flow to the heater

9   was reduced by turning down the tank valve control.  The experts spent a significant portion of their

10   reports discounting the testimony of the sole survivor, Robert Haney, on the basis that his exposure to

11   carbon monoxide made his recollection of his actions questionable.  This, they reasoned, permitted them to

12   discount Mr. Haney's testimony and that assumption then supported their tank valve control theory.

13      On November 27, 2007 Gary Hutter performed additional tests utilizing the subject Coleman heater

14   in the Daniel camper.  As a result of those tests, he concluded that the heater control knob could be

15   adjusted so as to restrict the flow of fuel which would then produce dangerous levels of carbon monoxide.

16   This conclusion would then support Mr. Haney's testimony but it also contradicts the theory advanced by

17   Mr. Engberg and Mr. Hutter (at least until November 27, 2007), that Mr. Haney's recollection of the

18   events could not be trusted.

19      The Defendant's view this as a new theory which was disclosed only one week before the close of

20   discovery and more than three weeks after expert rebuttal reports were due.

21

## PLAINTIFF'S RESPONSE

22      The Plaintiffs' assert that they timely supplemented their experts reports as required by Fed. R. Civ.

23   P. 26(e)(1).  The Court assumes, however, that counsel intended to reference Fed. R. Civ. P. 26(e)(2) as

24   that is specific to expert witnesses, which provides as follows:

25      For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty

26

27   [1]The Court notes that the Plaintiff's response focused on the November 27, 2007 report by Gary Hutter.  The Plaintiffs
do not address the November 25, 2007 supplemental and rebuttal report by Robert Engberg, the November 24, 2007 supplemental

28   and rebuttal report by Gary Hutter or the November 21, 2007 letter by Tarald Kvalseth.

Order Granting, in Part, Coleman's Motion to Exclude

Page - 2

1
2

to supplement extends both to information included in the report and to information
given during the expert's deposition.  Any additions or changes to this information
must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

3   The Plaintiffs' counsel asserts that  in late October or early November, while preparing for trial,

4   counsel "noticed" that their "experts' opinions "appeared to be limited or incomplete based on the fact that

5   the opinions appeared to contradict the testimony of Robert Haney, who testified that the tank valve was

6   fully open and that the 'control knob' was the only adjustment made to reduce the flow of gas." (Dkt.

7   #106, p. 3)   As a result, Plaintiffs' counsel immediately asked Plaintiffs' expert, Dr. Gary Hutter, Ph..D, to

8   re-evaluate the Haney testimony, and supplement, revise, or correct any opinions that may have been

9   incomplete." (Dkt. #103, p. 1).   At the request of Plaintiffs' counsel, Mr. Hutter performed additional

10   tests on November 27 and, as a consequence of the information he obtained in the new testing, he prepared

11   a report of that same date which was provided the Defendant on November 28, 2007, the day prior to the

12   scheduled deposition of Gary Hutter.

13   Also included in Mr. Hutter's November 27, 2007 report is a summary of his operation of the

14   refrigerator/freezer, hot water heater, and furnace in the Daniel camper.  No explanation is provided the

15   Court as to why this testing was done after the expert rebuttal cut-off date.  It is clear that the Plaintiffs'

16   experts have had access to the trailer, that they relied on others who inspected these items and apparently

17   saw no reason to analyze them independently.  No reason is given for delaying this inspection until six days

18   before the discovery cut-off.

19   The Plaintiffs' had control and unfettered access to the subject Coleman heater for over 10 months

20   before it provided the heater to the Defendant. The Defendant's had the subject heater from October 2,

21   2007 until November 16 or 19, 2007.  Plaintiffs' infer that one reason the Hutter testing did not occur until

22   November 27th was due to the fact that the Defendant belatedly returned the heater to them.  The evidence

23   before the Court shows that Plaintiffs' counsel first requested return of the heater on November 7, 2007

24   and made a second request on November 16th.    The first request was made four days after expert rebuttal

25   reports were due.  The Court notes, however that the Plaintiffs assert that the November 27th letter was a

26   supplement to Mr. Hutter's initial report and was not rebuttal.

27   **DISCUSSION**

28   The undersigned is well aware of the fact that Mr. Engberg and counsel for the Plaintiffs' decided,

Order Granting, in Part, Coleman's Motion to Exclude

Page - 3

1   early on, that Mr. Haney's description of the events surrounding this incident could not be accurate.  A

2   substantial portion of Mr. Engberg's initial report as well as his supplemental and rebuttal report of

3   November 25, 2007 focus on discounting Mr. Haney's recollection and in support of the "tank valve

4   control" theory of the case.

5          This Court has been provided with a copy of a Memorandum dated February 28, 2007, authored by

6   Michael Stageberg (MNS), that summarizes testing done in Seattle with regard to the Daniel case.  Robert

7   Engberg, one of the Plaintiffs' experts was present.  Mr. Hutter was not listed as being present.  On that

8   date the attorneys and Mr. Engberg "unanimously" concluded that "Bob Haney's factual version could not

9   be correct."   The Memorandum goes on to conclude that it is "likely that Haney would have turned the

10  tank valve to a lower setting to reduce the amount of heat within the camper."  All the experts for the

11  Plaintiff proceeded under this assumption and the reports provided defense counsel, which met the

12  deadlines scheduled by this Court, were based on that assumption.  At all times, the Plaintiffs knew that

13  this assumption clearly contradicted and discounted the testimony of Mr. Haney.

14         Mr. Haney gave a taped statement to Detective Bruce F. Kimsey of the Lewis County Sheriff's

15  Office on September 15, 2006, the same date as the incident.   ( Dkt. #199. Exh. C).  In his statement he

16  told the Detective he ran the portable propane heater for about an hour the evening of September 14th and

17  then he turned it off.  He woke up the morning of September 15th around 4:30 a.m. and "started the

18  portable propane heater and uh to knock the chill off in the morning." *Id.*  It was after that he found that

19  both Melvin Daniel and Fred Ramiskey were deceased.  He then turned the heater off.

20         Robert Haney was deposed on November 9, 2006, less than two months after the incident.

21  Counsel for the Plaintiffs in this case were present when this deposition was taken.  Mr. Haney deposition

22  testimony regarding the amount of time the Coleman heater was used inside the Daniel camper was

23  consistent with the information he provided Detective Kimsey.  He denied ever adjusting the tank valve to

24   reduce the flow of propane, and reiterated that he turned the heater off before he left the Daniel camper to

25  use the bathroom.  In response to the question as to whether the temperature setting is adjustable, Mr.

26  Haney showed on the video how "you can turn it all the way down to almost off before it reaches the

27  detent.  When it reaches the detent, it pops up and it shuts it off.  But you just - I mean, anywhere in

28  between there depending on how big of an area you want to heat or how hot you want it." (Dkt. #199,

Order Granting, in Part, Coleman's Motion to Exclude

1  Exh. A, p. 18 of transcript).

2      The Court understands the Plaintiffs' argument that the "tank valve theory" simply explains how a

3  reduced flow of propane was created that lead to the production of excessive amounts of carbon

4  monoxide.  The Plaintiffs' now posit that the "heater control knob" is just simply another way in which the

5  flow of propane could be reduced.  This, however, presents a significant change in position taken by the

6  Plaintiffs' experts well after the experts initial and rebuttal reports were due and only six days before

7  discovery cut-off.

8      Fed. R. Civ. P. 26(a)(2) (B) requires an expert's written report to include: a complete statement of

9  all opinions the witness will express and the basis and reasons for them; the data or other information

10  considered by the witness in forming his or her opinions; as well as any exhibits that will be used to

11  summarize or support the opinions.  The CR 26 expert report is to be a complete and detailed report, not a

12  preliminary report.

13      Inherent in the Scheduling Order is the requirement that all experts who are required to provide a

14  written report will prepare their report which meets the requirements of Rule 26.  This means that the

15  opinions are formed and the reasons therefor can be clearly stated.  The deadline for report disclosure then

16  allows sufficient time for the parties to take discovery depositions and conduct other discovery, as it relates

17  to the expert's opinions, prior to the discovery cut-off date.

18      Further, the rule requires any supplementation of an expert's report to be related to "information

19  included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

20      The opinions in Mr. Hutter's November 27, 2007 letter are different from, rather than supplemental

21  to, the information contained in his earlier reports.  In fact, it is different from the report he authored on

22  November 24, 2007.  This is not supplementing based on an attempt to correct inaccuracies or to fill "the

23  interstices of an incomplete report based on information that was not available at the time of the initial

24  disclosure." *Keener v. United States*, 181 F.R.D. 639, 640.  The change proposed by Gary Hutter's latest

25  report is dramatic as it clearly contradicts all of the expert testimony previously provided which focused on

26  the effects of carbon monoxide poisoning on Robert Haney's recollection of events.  This change is also

27  not based on new information that was not available to the Plaintiffs but rather is based on a very late

28  change of counsel's mind.  The court can only conclude that the November 27, 2007 letter by Gary Hutter

Order Granting, in Part, Coleman's Motion to Exclude

Page - 5

1    is not a supplement to his intial report as it does not correct an incomplete or inaccurate report but rather

2    sets forth a completely new explanation as to how the incident occurred which explanation, for the first

3    time, accepts Mr. Haney's recollection of the events as being accurate.

4            With regard to Mr. Hutter's review of the refrigerator/freezer, hot water heater, and furnace in the

5    Daniel trailer, that late testing is also excluded.  This testing could clearly have been done in a timely

6    fashion and no reasonable explanation has been provided this court as to there was such a delay.

7    **CONCLUSION**

8            The undersigned concludes that the November 27, 2007 report by Gary Hutter should be excluded

9    as well as any testimony related thereto.

10            The Court is mindful that the public and the parties have an interest in expeditious resolution of

11    litigation.  The Court, however, has a strong interest in managing its docket so as to facilitate the timely

12    and adequate preparation of cases.  This is of particular concern as Plaintiffs' counsel never filed a timely

13    request to extend any of the relevant Scheduling Order deadlines.  The Court's Order provides for only

14    partial exclusion of Mr. Hutter's opinions which are contained in the November 27, 2007 letter.  He still

15    may offer opinions and testimony in conformity with his reports that were timely disclosed.

16            As noted above, however, the Defendant's motion was two fold and the Plaintiffs' responded only

17    to that part of the motion pertaining to Gary Hutter's latest letter.  This matter is set for oral argument on

18    Thursday, March 20, 2008 so the Court will entertain oral argument with regard to the following three

19    reports: the November 25, 2007 supplemental and rebuttal report by Robert Engberg (Dkt. #97, Exhibit

20    A), the supplemental and rebuttal report by Gary Hutter dated November 24, 2007 (Dkt. #77, Exhibit A),

21    and the November 21, 2007 letter by Tarald Kvalseth (Dkt. #97, Exhibit B).  As the parties are aware, the

22    undersigned has already excluded Eileen Kirkpatrick's reports and opinions.  (Dkt. #152).

23            In summary, the Defendant's Motion to Strike or Otherwise Exclude Plaintiff's Out-of-Time

24    Rebuttal Reports, and new Case Theory is granted insofar as Gary Hutter's report of November 2007 is

25    excluded and Mr. Hutter is prohibited from offering new opinions which are based on information

26    contained in that report.  The Court's ruling on the balance of the Defendant's motion is deferred until oral

27    argument.

28            DATED this 11th day of March, 2008.

Order Granting, in Part, Coleman's Motion to Exclude

Page - 6

1

2

3
Karen L. Strombom
United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting, in Part, Coleman's Motion to Exclude

Page - 7