UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARI DANIEL, individually and as the Personal Representative of the Estate of MELVIN DANIEL, and as Guardian for the minor children, M.A. DANIEL, DOB 6/13/90, & B.A. DANIEL, DOB 6/28/93, and MARI DANIEL, as the Personal Representative of the Estate of FRED RAMISKEY,<br><br>Plaintiffs,<br><br>v.<br><br>THE COLEMAN COMPANY, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 06-5706 KLS<br><br>ORDER TAXING COSTS |

This matter comes before the Court on the Defendant's Motion to Tax Costs (Dkt. #372) which was filed on July 17, 2008. The Plaintiff filed a Response (Dkt. #379 and 380). The Defendant filed a Reply (Dkt. #388) and Verfication of Amy M. Decker (Dkt. #389), which included some adjustments to the amounts being requested by the Defendant.

This Court notes that the Motion was properly submitted to the Clerk of this Court. However, due to the complexity and length of this litigation, the Court is making the determination regarding an award of costs.

Order Taxing Costs
Page - 1

# PLAINTIFF'S OBJECTIONS

The Plaintiff initially filed objections to the Court's award of costs on two grounds. First, that the Motion to Tax Costs was not verified by oath. The Defendant has cured that objection through the filing of Amy Decker's verification (Dkt. #389).

The second ground for objection by the Plaintiff is based on the Estates having no funds with which to pay any costs to the Defendant. In support of this position, the Plaintiff submitted the Declaration of Mari Daniel (Dkt. #380). In it she identifies herself as the personal representative of the Plaintiff estates and advises the Court that the estates have no assets or financial resources. In addition to indigence, the Plaintiff asserts costs should not be awarded because the bringing of this litigation had substantial public importance, the claim had merit and there is a significant imbalance of resources between the Plaintiff and Defendant corporation. The Defendant did not reply to this argument.

Fed. R. Civ. P. 54(d)(1) provides that "costs . . . should be allowed to the prevailing party." This rule creates a presumption in favor of awarding costs to the prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded. *National Info. Servs., Inc. V. TRW, Inc.,* 51 F.3d 1470, 141-72 (9th Cir. 1995). It is clear, however, that indigency is a factor that the district court may properly consider in determining whether to award costs and, if so, in what amount.

With regard to the various grounds raised by the Plaintiff, this Court does not find that this case raised an issue of substantial public importance. It certainly was a serious case as two people died but the issue presented at trial was whether the Defendant was at fault (regarding warnings and/or design) for causing the deaths. This case did not rise to the level of substantial public importance in the same fashion as a civil rights case or a class action. This was a tort claim.

Inasmuch as this case did not involve a civil rights case, there is no associated concern about a chilling effect of imposing high costs on future civil rights litigants. The Court acknowledges the claim had merit as it was not dismissed at the summary judgment stage. However, that claim has little influence on this Court's determination. There is clearly, however, a significant disparity in resources between the Plaintiff and Defendant Corporation. None of these factors, alone or considered together, are sufficient the overcome the presumption of payment of costs.

The more significant question is how, if at all, the Plaintiff's indigency should impact an award of

costs. In this case, the entities claiming no resources are the estates of the decedents. An award of costs will not personally impact Mari Daniel or her children. It seems appropriate, therefore, that costs should be awarded.

## AUTHORIZATION FOR AWARD OF COSTS

The Defendant's Motion is grounded on Fed. R. Civ. P. 54, Local Rule CR 54, and 28 U.S.C. §§ 1821(per diem and mileage), 1920 (taxation of costs) and 1921 (U.S. marshal's fees). In addition, Local Rule CR 54 (3)(A) specifically allows costs for the "attendance, travel and subsistence fees of witnesses, for actual and proper attendance . . . whether such attendance was procured by subpoena or was voluntary" and subsection (C) allows taxation for "[e]xpenditures incident to the litigation which were ordered by the court as essential to a proper consideration of the case."

Based on the Court's review of the pleadings filed in support of and in opposition to the Defendant's motion, the Court orders as follows:

**1. Fees for serving Subpoenas**. **DENIED.** The Court is unable to determine, based on the documents provided, if this does in fact relate to the costs of serving a subpoena or summons for a witness. No information has been provided to the Court as to who or what Wade Greenwood, Forest River, Inc., or Kevin Krieg are or how they are related to this litigation.

**2. Daily transcripts. DENIED.** While the Court acknowledges that small portions of the daily transcripts were utilized by the parties in support of or in opposition to motions, the balance of the transcripts were utilized for the convenience of the attorneys and were not, in the undersigned's opinion, "*necessarily* obtained for use in the case."

**3. Fees of the Court Reporter: Depositions Designated and Submitted to the Court: $918.95**

The depositions of Frank Schmidt, Christine T. Wood, Randy May and Rex Weigand were intially taken in the *Ongpituk v. Coleman* case filed in the Western District of Washington, Seattle, Washington. As the Defendant notes, the Plaintiff requested authority from the Court to use those depositions in the Daniel case in order to reduce costs. The Defendant opposed the motion. The Court concludes that these four deposition expenses were part of the *Ongpituk* case and are not recoverable costs in the *Daniel* case.

With regard to the depositions of Nicholas Marchica and Richard J. Roby, the Court assesses costs as follows:

|   |   |
|---|---|
| Nicholas Marchica | $ 463.05 |
| Richard Roby | $ 455.90 |
| **TOTAL** | **$ 918.95** |

### 4. Fees of the Court Reporter: Expert Witness Depositions: $3,057.35

The Court is awarding the costs of the depositions of the witnesses listed. This includes the deposition of the Defendant's expert Roy Deppa, as having a copy of his deposition available for trial preparation is a reasonable expense. The award of costs excludes the video costs as no explanation has been given to the Court showing that video was necessarily obtained for the use in this case. The Court awards costs in the following amounts:

|   |   |
|---|---|
| Roy Deppa | $ 208.25 |
| Robert Engberg (1st) | $ 135.00 |
| Tarald Kvalseth | $ 623.00 |
| Gary Hutter | $1,197.90 |
| David Penney | $ 277.20 |
| Robert Engberg (2nd) | $ 616.00 |
| **TOTAL** | **$ 3,057.35** |

### 5. Fees of the Court Reporter: Deposition of Plaintiff: $351.55

The Court finds that the deposition of the plaintiff was necessarily obtained for purposes of the litigation as she is the only party who could provide damages related testimony. The Court is awarding costs in the sum of **$351.55.**

### 6. Fees of the Court Reporter: Depositions of Coleman Employees: DENIED

The Defendant has withdrawn its request to be reimbursed fees associated with Stuart Meether's deposition which was taken in the *Ongpituk* case.

### 7. Fees of the Court Reporter: Records Custodians and Other Fact Witnesses: $323.90

With the exception of one witness (Adam D. Farnham, who testified during trial), the Court has no idea who these witnesses are, why they were deposed or why their depositions were necessarily obtained for use in this litigation. Since the Defendant has failed to present any information to the Court as to why costs for these individuals should be awarded, the request is **DENIED except with regard to the Deposition of Adam Franham and the Court is awarding costs in the sum of $323.90.** The award of deposition costs related to Mr. Franham is based on the Court's knowledge that Mr. Farnham was a

witness who had significant information and it is clear that his deposition was important for trial preparation.

**8. Fees of Witnesses for Trial: $8,209.19 TOTAL**

**Stuart Meether (6/10/08): $ 225.80**

As Plaintiff points out, Mr. Meether made several changes on his airline ticket on June 4 and June 5, 2008. The Court has not been provided an explanation for the reason for these additional travel expenses which totaled $288.26. Mr. Meether did, however, make another change so that he could return to Wichita due to the fact that he had not been called by the Plaintiff to testify and he would have to return for his testimony. That ticket change resulted in an additional ticket cost of $104.06. The Court is therefore awarding the price of the initial ticket of $483.04, the cost of the change made on June 12th of $104.06, subsistence of $167.00, witness fee of $40, mileage and parking of $32.20 less the amount paid by Plaintiff of $600.50 for a balance of $225.80.

**Kelley D. Cabrera: $ 992.40**

The Court notes that on June 6, 2008 Ms. Cabrera incurred a change fee with the airlines in the sum of $ 96.16. No explanation has been provided the court to support an award of this additional expense as costs and that amount has, therefore, been deducted from the amount requested. This results in a total assessment of costs in the sum of $992.40. The Plaintiff also asserts that mileage should not be awarded because Ms. Cabrera did not use her personally owned car. She did, however, use a rental car and it is appropriate to award mileage for travel between Sea-Tac Airport and Tacoma.

**Stuart L. Meether: $ 1,480.50**

**Randall May: $1,426.21**

Plaintiff asserts that use of Mr. May's deposition would have been sufficient. While it is likely true that presenting everyone's testimony through deposition might be sufficient, it is up to counsel to determine how to best present their case. This was the same argument presented to the Court with regard to the testimony of Mr. Haney. His video deposition may have been sufficient but there certainly is an advantage having someone testify in person before a jury, even if it is done by satellite. The award of costs associated with Mr. May is appropriate.

**Nicholas Marchica. $ 1,095.00**

The Defendant amended its request for Mr. Marchica to take into consideration that travel by a taxi would have been less expensive than by limo/town car. The Court notes that no documentation has been provided regarding the request for reimbursement of mileage by Mr. Marchica and that amount ($54.54) will not be awarded.

**Christine Wood. $ 1,779.08**

**Richard Roby. $ 1,210.20**

Mr. Roby chose to fly first class from Baltimore to Seattle at a cost of $1,964.70. Mr. Marchica chose to fly economy from Baltimore to Seattle at a cost of $776.00. The court is awarding travel costs to Mr. Roby of $776.00 in addition to the appropriate witness fees, mileage and subsistence.

**9. Fees of Witnesses for Depositions: $338.93**

The Defendant filed an amended request (Dkt. #389) regarding this particular request. The Court notes that no documentation was provided supporting payment of witness fees to either Adam D. Farnham or Wade Greenwood and such fees will not be awarded. The Court is awarding costs for the following:

| | |
|---|---|
| Kenneth Bethje | $ 106.93 |
| Kevin Krieg | $ 102.00 |
| David Penney | $ 40.00 |
| Robert Engberg | $ 90.00 |
| **TOTAL:** | **$ 338.93** |

**10. Cost for Materials and Graphic Services Used to Prepare Trial Exhibits: $402.21**

There is sufficient indicia on the billings that these are related to this case and represent exhibits utilized during trial.

**11. Costs for Copying Documents Produced in Response to Plaintiff's Discovery Requests: DENIED.**

The Defendant is seeking reimbursement for copying costs of documents it provided the Plaintiff in discovery in the amount of $806.20. In support if its request the Defendant provided this Court with copies of billings from Legal Express. The Defendant did not, however, provide anything to the Court which would give it the opportunity to determine whether the copies in question were reasonably necessary for use in the case. The request is **DENIED.**

**12. Fees for Copies of Pleadings, Motions and Memoranda Provided to Court: $150.20**

Local Rule CR 10(e)(8) requires parties to provide the Court with a courtesy copy of documents e-filed that exceed 100 pages in length. The request for reimbursement of copying costs for the documents which met the requirements of this rule were provided under court order. The request is therefore **GRANTED in the sum of $150.20.**

**13. Costs for Copying Designated Deposition Testimony Notebooks Submitted to the Court: $490.00**

This request is **GRANTED in the amount of $490.00**. The Court spent significant time reviewing these deposition transcripts in order to rule on objections and allow the parties to present the deposition testimony to the jury. This was an expense incurred that was necessarily obtained for the case.

**14A. Costs for Numbering and Copying Trial Exhibit Notebooks: $174.30**

This request is **GRANTED in the sum of $174.30.** The Trial Exhibit Notebooks were necessarily produced for use in the case.

**14B. Costs of Copying Unnumbered Sets of Trial Exhibits: DENIED**

This request is **DENIED.** Counsel has provided no explanation to the Court regarding the use or need of "unnumbered sets of trial exhibits." Counsel did provide the Court with Exhibit Notebooks and the costs associated therewith have been awarded. The undersigned does not, however, have any understanding as to what this request is related to or why it should be awarded.

**CONCLUSION**

The costs awarded above total **$14,416.58** which is substantially less than th $32,090.57 requested by the Defendant.

DATED this 13th day of August, 2008.

Karen L. Strombom
United States Magistrate Judge

Order Taxing Costs
Page - 7

Order Taxing Costs
Page - 8